```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
RICHARD D. MEADOW,                    :
                        Plaintiff,    :
                                      :
            -v-                       :     10 Civ. 3128 (DLC)
                                      :
FIFTH ON THE PARK CONDO, LLC,         :     ORDER
                        Defendant.    :
                                      :
------------------------------------- X

DENISE COTE, District Judge:

On April 13, 2010, plaintiff filed the complaint in this action seeking, inter alia, rescission of his purchase agreement and return of his deposit for a unit in defendant's condominium development. The complaint asserts a claim under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 et seq. (the "Act"), as well as claims for promissory estoppel and breach of the implied covenant of good faith and fair dealing under New York law. Subject matter jurisdiction is predicated solely on the existence of plaintiff's federal claim pursuant to 15 U.S.C. § 1719.

On April 28, this action was reassigned to this Court. A district court may dismiss sua sponte a complaint for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6) after giving a plaintiff an opportunity to be heard. See Perez v. Ortiz, 849 F.2d 793, 797 (2d Cir. 1988). In a January 29, 2010 Opinion in a related action, it was

determined that defendant's condominium development is exempt from the Act's registration and disclosure requirements. See Bodansky v. Fifth on the Park Condo, LLC, No. 09 Civ. 4651 (DLC), 2010 WL 334985 (S.D.N.Y. Jan. 29, 2010). Thus, the complaint appears to fail to state a claim against defendant upon which relief can be granted under the Act. Further, because plaintiff's only federal claim is subject to dismissal, and there does not appear to be diversity of citizenship between the parties, it is within the Court's discretion to decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims. See Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y., 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."). Accordingly, it is hereby

ORDERED that plaintiff must show cause by **May 14, 2010**, why the complaint should not be dismissed.

IT IS FURTHER ORDERED that plaintiff must serve a copy of this Order on defendant by **May 5, 2010**.

SO ORDERED:

Dated:   New York, New York
         April 30, 2010

_____
DENISE COTE
United States District Judge

2